OSBORNE CO. v. WALTERS.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

CORPORATIONS ☞642—FOREIGN CORPORATIONS—"DOING BUSINESS."

 The mere solicitation of orders, which are to be filled in another state and shipped into the state of the former, is not "doing business" within that state, within the purview of General Corporation Law (Consol. Laws, c. 23) § 15, requiring foreign corporations to obtain a certificate of the secretary of state before engaging in business within the state.

 [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. ☞642.

 For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Osborne Company against Mary J. Walters. From a judgment dismissing plaintiff's complaint, it appeals. Reversed and remanded.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Wilber, Norman & Kahn, of New York City (Charles Fredericks, of New York City, of counsel), for appellant.

Orson A. Raynor, of New York City, for respondent.

PAGE, J. The plaintiff is a foreign corporation. An agent of the corporation took a written order for 300 calendars, which were made in, and shipped from, the state of New Jersey. At the conclusion of the plaintiff's case the defendant moved to dismiss the complaint, upon the ground that the plaintiff was a foreign stock corporation doing business in this state, and that the complaint did not allege that it had obtained the certificate of the secretary of state pursuant to section 15 of the General Corporation Law.

The sole evidence of the alleged doing business in this state was the taking of the order in suit and reference therein to a similar order taken the previous year. The mere solicitation of orders, which are to be filled in another state and shipped to this state, is not doing business in this state, within the purview of the statute. There was no allegation in the complaint from which it could be inferred that plaintiff was engaged in business in this state. If, therefore, the defendant desired to avoid the contract on this ground, the defense should have been appropriately pleaded in the answer.

Judgment reversed, and a new trial granted, with $30 costs to the appellant to abide the event. All concur.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes